UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHY KIDWELL,

    Plaintiff,                         CIVIL ACTION NO. 06-11038

  v.

                                      DISTRICT JUDGE VICTORIA ROBERTS
                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work providing a sit-stand option.

                                    \*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on February 28, 2003, alleging that she had been disabled and unable to work since December 30, 2000, at age 43, due to severe back pain. Benefits were denied by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on November 15, 2004, before Administrative Law Judge (ALJ) Alfred Varga. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work   The Law Judge limited the claimant to jobs that did not require any driving, or prolonged walking, standing or lifting. She was also unable to do any repetitive twisting, turning, overhead reaching, climbing or squatting. The

ALJ further restricted the claimant to jobs that did not require fine dexterity, working around hazardous machinery, or exposure to unprotected heights.  Finally, the decision limited Plaintiff to low stress jobs involving simple routine tasks. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 319). She had been graduated from high school, and had been employed in the automobile industry assembling cars (TR 57, 321).  As a automobile worker, she stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 58).  Claimant stopped working in December 2000, after injuring her back at work[1] (TR 320).

Despite undergoing back surgery, Plaintiff testified that she remained disabled as a result of severe back pain that prevented her from sitting or standing for prolonged periods (TR 324).  Pain medications proved ineffective and made her sleepy (TR 323). She estimated that she could sit or stand for about 30 minutes before needing to change positions. She could lift a gallon of milk, but had difficulty reaching over her head (TR 325-326). Plaintiff spent her days at home watching television, preparing small meals and visiting with relatives (TR 327). The claimant explained that she was unable to drive for long

---

[1] Plaintiff settled a workers' compensation claim for one hundred and thirty five thousand dollars in August 2004 (TR 340).  At the time of the hearing, she was also receiving a disability pension from her employer of nearly two thousand dollars a month (TR 320).

**2**

periods of time because vibrations from the steering wheel caused her hand to become numb (TR 327).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as light unskilled activity (TR 341). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[2] (TR 303). If the claimant were capable of light work, the witness testified that there were numerous sorting, inspection and packaging jobs that she could still perform with minimal vocational adjustment (TR 343-344). These simple, low-stress jobs provided a sit-stand option, and did not require driving or repetitive twisting, turning, overhead reaching, climbing or squatting.  Fine finger dexterity was not essential, and there would be no exposure to hazardous machinery or unprotected heights (TR 343).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of a low back disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain prevented her from working at jobs requiring prolonged sitting, standing or lifting.  She was also unable to perform any repetitive twisting, turning, overhead reaching, climbing or squatting.  The ALJ further restricted her to jobs that did not require fine dexterity, working around hazardous machinery, or exposure to unprotected heights. These low stress jobs involved simple routine tasks. The Administrative Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

---

[2]The witness opined that the claimant's alleged need to lie down for several hours to relieve chronic fatigue each day would preclude all work activity (TR 342).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that she is disabled as a result of severe back pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the

**4**

national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling back pain.

The medical evidence revealed that Plaintiff enjoyed good results from an August 2003, spinal fusion and lumbosacral disc removal (TR 293). Following the back surgery, Plaintiff exhibited a normal range of back motion. She reportedly was "feeling extremely well", and no longer required pain medication (TR 289, 294). Plaintiff completed a course of physical therapy where she met her goals of achieving full range of back motion, reduced

her pain to zero, and attained full strength in all affected areas (TR 295, 308). Physical examinations revealed that the claimant was able to walk with a normal gait, and that she did not experience any major neurological difficulties (TR 80, 96, 100-101, 119, 135, 284, 288). Moreover, Plaintiff was able to make a round trip to Florida without experiencing any difficulties just two months after the spinal surgery (TR 294).

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of a state agency physician[3], who concluded that the claimant could perform substantial gainful activity on a sustained basis (TR 70-77). The medical evidence also failed to corroborate that Plaintiff needed to lie down three times a day, or that she suffered from disabling depression[4]. Furthermore, the types of unskilled jobs identified by the Vocational Expert (inspection, packaging and sorting) would not cause a great deal of work related stress. These simple, routine jobs provided a sit-stand option, and did not require any repetitive twisting, turning, overhead reaching, climbing or squatting. The ALJ further restricted Plaintiff to jobs that did not require fine dexterity, working around hazardous machinery, or exposure to unprotected heights.

Plaintiff relies heavily upon the fact that Dr. Paul Gold found her to be totally disabled (TR 168). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v.

---

[3] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

[4] As pointed out by the ALJ, Plaintiff has never sought treatment or therapy for depression. In addition, treating physicians never included a mental limitations in their residual functional capacity evaluations (TR 18). Nevertheless, the ALJ restricted claimant to simple, routine tasks in a low stress environment.

6

Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Gold offered little objective evidence[5] to support his statement of disability, his opinion need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

---

[5]The ALJ reasonably rejected Dr. Gold's opinion because it was internally inconsistent.  In the same statement in which the doctor opined that Plaintiff could "never" return to gainful employment, he also indicated that she could engage in employment "with restrictions from specialist." (TR 168).  These restrictions included, according to Dr. Gold, lifting, bending, stooping, prolonged standing and recurrent use of the hands.  The ALJ adopted many of these restrictions in finding that Plaintiff retained the residual functional capacity for a restricted range of light work (TR 19).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: October 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify on October 31, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 31, 2006. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217